**Exhibit A**

**Proposed Order**

RLF1 24462186v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x

In re:

FRANCESCA'S HOLDINGS CORPORATION,
*et al.*,[1]

                      Debtors.

:   Chapter 11

:   Case No. 20-13076 (BLS)

:   Jointly Administered

------------------------------------------------------------ x

**ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF
BUSINESS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Debtors' motion (the "**Motion**")[2] for entry of an order (this "**Order**") authorizing the Debtors to (i) employ professionals that they use in the ordinary course of business (the "**Ordinary Course Professionals**"), effective *nunc pro tunc* to the Petition Date, without submitting employment applications and obtaining retention orders for each Ordinary Course Professional and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, subject to the limitations described below, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Francesca's Holdings Corporation (4704), Francesca's LLC (2500), Francesca's Collections, Inc. (4665), and Francesca's Services Corporation (5988). The address of the Debtors' corporate headquarters is 8760 Clay Road, Houston, Texas 77080.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and

this Court's entry of a final order being consistent with Article III of the United States Constitution;

and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having

been scheduled and, to the extent necessary, held to consider the relief requested in the Motion

(the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings

before the Court; and the Court having found and determined the relief requested in the Motion to

be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and

the legal and factual bases set forth in the Motion and at the Hearing (if any was held) having

established just cause for the relief granted herein; and after due deliberation thereon and sufficient

cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     Pursuant to sections 105(a), 327, 328(a), and 330 of the Bankruptcy Code,

the Debtors are authorized to employ, in the ordinary course of their business, the Ordinary Course

Professionals, including, but not limited to, those professionals listed on the attached **Exhibit 1**,

effective *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in this

Order.

3.     The following procedures for retaining and compensating Ordinary Course

Professionals are approved:

(a)     Within 30 days after the later of (i) entry of this Order and (ii) the date on
which an Ordinary Course Professional commences services for the
Debtors, such Ordinary Course Professional must provide to the Debtors'
attorneys: (x) a declaration, substantially in the form attached as **Exhibit
2**, certifying that such Ordinary Course Professional does not represent or
hold any interest adverse to the Debtors or their estates with respect to the
matter for which such Ordinary Course Professional is to be employed (the
"**Ordinary Course Professional Declaration**") and (y) a completed
retention questionnaire, substantially in the form attached as **Exhibit 3** (the
"**Retention Questionnaire**").

2

(b) The Debtors' attorneys will file the Ordinary Course Professional Declaration and the Retention Questionnaire with the Court and serve each upon (i) Francesca's Holdings Corporation, 8760 Clay Road, Houston, Texas 77080 (Attn: Cindy Thomassee (cindy.thomassee@francescas.com)); (ii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov)); (iii) counsel for the DIP Agent, Greenberg Traurig LLP, (A) 1007 North Orange Street, Suite 1200, Wilmington, DE 19801, (Attn: Dennis A. Meloro, Esq. (melorod@gtlaw.com)), and (B) MetLife Building, 200 Park Avenue, New York, NY 10166, (Attn: Leo Muchnik, Esq. (MuchnikL@gtlaw.com)); and (iv) counsel to the Creditors Committee (collectively, the "**Reviewing Parties**").

(c) The Reviewing Parties will have 14 days following the date of service to notify the Debtors, in writing, of any objection to the retention stemming from the Ordinary Course Professional Declaration and the Retention Questionnaire (the "**Retention Objection Deadline**") and to file any such objection with the Court. Service of an objection must be made upon (i) the other Reviewing Parties and (ii) the applicable Ordinary Course Professional (collectively, the "**Notice Parties**"), so that any such objection is *actually received* by the Retention Objection Deadline.

(d) If no timely objection to the proposed retention of an Ordinary Course Professional is filed and served by the Retention Objection Deadline, the employment of such Ordinary Course Professional will be deemed approved on the terms requested in this motion without the need for a hearing or further order by the Court. If a timely objection to the proposed retention of an Ordinary Course Professional hereunder is filed and served by the Retention Objection Deadline, and any such objection cannot be resolved within 14 days, the matter will be set for a hearing before the Court.

(e) No Ordinary Course Professional may be paid any amounts for invoiced fees or expenses until its Ordinary Course Professional Declaration and Retention Questionnaire have been properly filed and served and the Retention Objection Deadline has passed without the filing of an objection, or if an objection is timely filed and served by the Retention Objection Deadline, after the parties resolve such objection or the Court enters an order overruling such objection. The Debtors reserve the right to dispute any invoice submitted by any Ordinary Course Professional.

(f) The Debtors may supplement the list of Ordinary Course Professionals from time to time. To do so, the Debtors will file a notice or notices of such additional professionals (each, a "**Notice of Additional Ordinary Course Professionals**"), along with the respective Ordinary Course Professional Declaration and Retention Questionnaire, with the Court and serve such

3

notice upon the Reviewing Parties. The Reviewing Parties will have 14 days following the date of service of a Notice of Additional Ordinary Course Professionals and respective Ordinary Course Professional Declaration and Retention Questionnaire to notify the Debtors, in writing, of any objection to the proposed retention of any additional Ordinary Course Professional, file any such objection with the Court, and serve any such objection upon the Notice Parties so as to be *actually received* within 14 days of service of such Notice of Additional Ordinary Course Professionals.

(g)     If no objection to the proposed retention of an additional Ordinary Course Professional identified on a Notice of Additional Ordinary Course Professionals is timely filed and served, the employment of such additional Ordinary Course Professional will be deemed approved by the Court on the terms requested in this motion without the need for a hearing or further order by the Court; *provided*, *however*, that if an objection to the proposed retention of an additional Ordinary Course Professional is timely filed and served, and any such objection cannot be resolved within 14 days, the matter will be set for a hearing before the Court.

(h)     The Debtors may pay each Ordinary Course Professional without prior application to the Court, one hundred percent (100%) of the fees and reimburse one hundred percent (100%) of the expenses incurred by such Ordinary Course Professional, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' rights to dispute any such invoices); *provided, however*, that no single Ordinary Course Professional may be paid in excess of $50,000 per month on average over a rolling three-month period while these chapter 11 cases are pending (the "**Monthly Fee Limit**"). Any contingency fees earned by Ordinary Course Professionals on account of recoveries realized on behalf of the Debtors shall not be subject to the applicable monthly cap.

(i)     If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Limit, such Ordinary Course Professional must file a monthly fee application (a "**Monthly Fee Application**") on account of the excess amount over the Monthly Fee Limit and apply for compensation and reimbursement of such excess amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines of the U.S. Trustee, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, and any other applicable procedures or orders of the Court. Any Ordinary Course Professional who is an attorney and filing a Monthly Fee Application on account of the excess amount over the Monthly Fee Limit shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and*

4

*Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.

(j)     Within thirty 30 days after the conclusion of every fiscal quarter, the Debtors will file a statement with the Court that includes with respect to each Ordinary Course Professional paid during the prior fiscal quarter: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount paid as compensation for services rendered and for reimbursement of expenses incurred by such Ordinary Course Professional during such fiscal quarter; and (iii) the aggregate amounts invoices to the Debtors by such Ordinary Course Professional during such fiscal quarter. The Debtors will serve this statement on the Reviewing Parties.

4.     If an Ordinary Course Professional held a retainer as of December 3, 2020, then the Ordinary Course Professional shall disclose the amount of the retainer in the Retention Questionnaire. The Ordinary Course Professional may not apply its prepetition retainer against any prepetition claims, unless it is an attorney Ordinary Course Professional and does so once its retention and employment is approved.

5.     The entry of this Order does not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises, and the Debtors reserve all of their rights with respect thereto.

6.     Nothing in the Motion or the Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

RLF1 24462186v.1

7.       This Order does not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

8.       Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.       The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

10.      This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

RLF1 24462186v.1

## **Exhibit 1**

## **ORDINARY COURSE PROFESSIONALS**

| PROFESSIONAL | ADDRESS | SERVICES PROVIDED |
|---|---|---|
| Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. | 1221 McKinney, Suite 2500 Houston, TX 77010 | Provides legal services related to the former employee class action litigations pending against the Debtors in New Jersey and Texas. |
| Doeren Mayhew Texas, PLLC | One Riverway Dr, Suite 1200, Houston, TX 77056 | Provides accounting services related to the Debtors' reconciliation of deferred rent. |
| Genova Burns LLC | 494 Broad Street Newark, NJ 07102-3230 | Provides legal services related to the former employee class action pending against the Debtors in New Jersey. |
| Grant Thornton LLP | 1901 S. Meyers Rd., Suite 455, Villa Park, IL 60181 | Provides valuation services related to asset impairment. |
| ICR, LLC | 761 Main Ave. Norwalk, CT 06851 | Provides strategic communications services to the Debtors. |
| KPMG LLP | 3 Chestnut Ridge Road Montvale, NJ 07645 | Provides tax related services for the Debtors, including preparation of the Debtors' tax returns and evaluation of the Debtors' NOLs. |
| Lewis Roca Rothgerber Christie LLP | 201 E. Washington St., Suite 1200, Phoenix, AZ 85004 | Provides intellectual property related legal services. |
| McGuireWoods LLP | 800 East Canal Street Richmond, VA 23219 | Provides labor related legal services. |
| Pandoblox Inc. | 14622 Ventura Blvd, Suite 2047, Sherman Oaks, CA 91403 | Provides IT consulting work related to risk assessment and IT management. |
| Pierce Atwood LLP | 254 Commercial Street Merrill's Wharf Portland, ME 04101 | Provides legal services related to an employee discrimination action pending before the Maine Human Rights Commission. |
| Shutts & Bowen, LLP | 200 South Biscayne Blvd, Suite 4100 Miami, FL 33131 | Provides general litigation related legal services. |
| Tucker Ellis LLP | 950 Main Avenue, Suite 1100 Cleveland, OH 44113 | Provides legal services related to certain intellectual property litigation pending against the Debtors. |

**Exhibit 2**

**Form of Ordinary Course Professional Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x

In re:

FRANCESCA'S HOLDINGS CORPORATION,
*et al.*,[1]

                              Debtors.

                                          :
                                          :    Chapter 11
                                          :
                                          :    Case No. 20-13076 (BLS)
                                          :
                                          :    Jointly Administered
                                          :
                                          :
                                          :

---------------------------------------------------------------- x

## DECLARATION AND DISCLOSURE STATEMENT OF [INSERT INDIVIDUAL'S NAME], ON BEHALF OF [INSERT NAME]

I, _____, declare under the penalty of perjury:

1.      I am over 18 years of age and a **[JOB TITLE]** of **[COMPANY NAME]**, located at **[COMPANY ADDRESS]** (the "**Company**").

2.      Francesca's Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Company provide **[TYPE OF SERVICES]** services to the Debtors, and the Company has consented to provide such services (the "**Services**").

3.      The Services include, but are not limited to, the following:

**[DESCRIPTION OF SERVICES TO BE PROVIDED TO DEBTORS].**

4.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Company is retained

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Francesca's Holdings Corporation (4704), Francesca's LLC (2500), Francesca's Collections, Inc. (4665), and Francesca's Services Corporation (5988). The address of the Debtors' corporate headquarters is 8760 Clay Road, Houston, Texas 77080.

in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases. In addition, the Company does not have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

5.      Neither I, nor any principal of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

6.      Neither I, nor any principal of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

7.      As of the date of the commencement of their chapter 11 cases, the Debtors owed the Company $**[AMOUNT]** for prepetition services. [**FOR NON-LEGAL ORDINARY COURSE PROFESSIONALS ONLY:** The Company has agreed to waive any prepetition claims held against the Debtors' estates for prepetition services.]

8.      The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described in this declaration, the Company will supplement the information contained in this declaration.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Declarant

2

**Exhibit 3**

**Form of Retention Questionnaire**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x

In re:

FRANCESCA'S HOLDINGS CORPORATION,
*et al*.,[1]

                          Debtors.

:
:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 20-13076 (BLS)

Jointly Administered

------------------------------------------------------------- x

**RETENTION QUESTIONNAIRE**

           TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Francesca's

Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the

"**Debtors**").

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.

RETURN IT FOR FILING BY THE DEBTORS TO:

        O'MELVENY AND MYERS LLP
        Times Square Tower
        Seven Times Square
        New York, New York 10036
        Attn: Diana M. Perez, Esq.
           dperez@omm.com

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If

more space is needed, please complete on a separate page and attach.

1.      Name and address of company:

---

     [1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Francesca's Holdings Corporation (4704), Francesca's LLC (2500), Francesca's Collections, Inc. (4665), and Francesca's Services Corporation (5988). The address of the Debtors' corporate headquarters is 8760 Clay Road, Houston, Texas 77080.

2.      Date of retention: _____

3.      Type of services to be provided (accounting, legal, etc.):

_____

_____

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.)

_____

        (a)      Average hourly rate (if applicable): _____

        (b)      Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.      Prepetition claims against any of the Debtors held by the company:

        Amount of claim: $_____

        Date claim arose: _____

        Nature of claim: _____

7.      Prepetition claims against any of the Debtors held individually by any member, associate, or professional employee of the company:

        Name: _____

        Status: _____

        Amount of claim: $_____

        Date claim arose: _____

        Nature of claim: _____

2

3

 

 

 

8.      Amount of prepetition retainer, if any, held by the company: $_____

9.      Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the company is to be employed.

 

 

 

10.     Name and title of individual completing this form.

 

Dated:      _____

RLF1 24462186v.1