**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
```

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FRANCESCA'S HOLDINGS CORPORATION, | : | Case No. 20-13076 (BLS) |
| *et al.*,[1] | : | |
| Debtors. | : | Jointly Administered |
| | : | |

```
------------------------------------------------------------ x
```

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## FRANCESCA'S HOLDINGS CORPORATION
## (CASE NO. 20-13076)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Francesca's Holdings Corporation (4704), Francesca's LLC (2500), Francesca's Collections, Inc. (4665), and Francesca's Services Corporation (5988). The address of the Debtors' corporate headquarters is 8760 Clay Road, Houston, Texas 77080.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re:                                          :          Chapter 11
                                                :
FRANCESCA'S HOLDINGS CORPORATION,               :          Case No. 20-13076 (BLS)
*et al.*,[1]                                     :
                                                :          Jointly Administered
                                Debtors.         :
                                                :
-------------------------------------------------------------- x

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Francesca's Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**" and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code, §§ 101-1532, *et seq*. (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007.1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware.

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.[2]

Mrs. Cynthia Thomassee, the Chief Financial Officer of Francesca's Holdings Corporation and an authorized signatory for each of the Debtors, has signed each of the Schedules and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Francesca's Holdings Corporation (4704), Francesca's LLC (2500), Francesca's Collections, Inc. (4665), and Francesca's Services Corporation (5988). The address of the Debtors' corporate headquarters is 8760 Clay Road, Houston, Texas 77080.

[2] The Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a Global Note with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

Statements. In reviewing and signing the Schedules and Statements, Mrs. Thomassee necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mrs. Thomassee has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. The Debtors, and their officers, employees, agents, attorneys and financial advisors shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

**1.** **Global Notes Control**. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**2.** **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors, omissions, or inaccuracies, some of which may be material, may exist. The Debtors reserve all of their rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim description, designation, or Debtor against which the claim is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving claims, the validity, extent, or perfection of any lien, substantive consolidation, defenses, equitable subordination, recharacterization, assumption or rejection of any executory contracts or unexpired leases, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to

recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, in Statement Question 4, Schedule B, and Schedule F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all of their rights with respect to such obligations.

**3.**      **Basis of Presentation**. For financial reporting purposes, the Debtors historically prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on an unconsolidated basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date (as defined below) or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or any time before the Petition Date.

The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Entities trading in or otherwise purchasing, selling, or transferring claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations between any information and reports prepared for securities law disclosure purposes or for any evaluations of the Debtors based on this financial information or any other information.

**4.**      **Description of Chapter 11 Cases and "as of" Information Date**. On December 3, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 8, 2020, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases under Case No. 20-13076 (BLS) [D.I. 80].

The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of October 31, 2020, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on December 3, 2020.

5.    **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. In many instances, current market valuations are neither maintained by nor readily available to the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of October 31, 2020. Book values may not equate to their current market values. Amounts shown for total liabilities may differ materially from those stated in the Schedules and Statements. Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

6.    **Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, re-designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

7.    **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed in the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any transaction or any document or instrument related to any creditor's claim.

8.    **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries and independent contractor costs, employee benefit accruals, and certain accrued accounts payable. In addition and as set forth below, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order (as defined below) or other order that may be entered by the Bankruptcy Court.

Except with respect to claims that may arise from the rejection of the unexpired leases included in the *Debtors' Omnibus Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Reject Certain Unexpired leases of Nonresidential Real Property Effective* Nunc Pro Tunc *to*

*the Petition Date and (B) Abandon* De Minimis *Property in Connection Therewith, (II) Granting a Limited Waiver of Bankruptcy Rule 6006(f)(6), and (III) Granting Related Relief* [D.I. 10], the Debtors have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected. In addition, certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

9.      **Insiders**. As used in the Schedules and Statements, the term "insiders" has the meaning ascribed to it in section 101(31) of the Bankruptcy Code. Entities and persons listed as "insiders" have been included for informational purposes only and are not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are expressly reserved. The Debtors do not take any position with respect to: (a) such party's influence over the control of the Debtors; (b) the management responsibilities or functions of such party; (c) the decision-making or corporate authority of such party; or (d) whether such party could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, federal securities laws, or with respect to any theories of liability or for any other purpose.

10.      **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

11.      **Executory Contracts**. Although the Debtors made diligent attempts to identify every executory contract that the Debtors are party to and attribute each executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to identify an executory contract or attribute a contract to the rightful Debtor due to the size of the Debtors' business. Accordingly, the Debtors reserve all of their rights with respect to any and all executory contracts, including the right to amend Schedule G to add or remove any executory contracts or change the respective Debtor related to a contract.

12.      **Classifications**. Listing a claim in (a) Schedule D as "secured," (b) Schedule E as "unsecured priority," or (c) Schedule F as "unsecured nonpriority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims, contracts, or leases or to set off such claims.

13.      **Claims Description**. Schedules D, E, and F permit each of the Debtors to designate a claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such claim is not "disputed," "contingent," or "unliquidated," or that

such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds, including, without limitation, nature, amount, validity, liability, classification, priority, or status. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent," or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors and the Debtors reserve the right to amend the Schedules accordingly.

14.    **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment and any claim on account of a contract or for breaches of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, whether asserted directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15.    **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

      a.    Undetermined or Unknown Amounts. The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount.

      b.    Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      c.    Paid Claims. The Debtors were authorized (but not directed) to pay certain outstanding prepetition claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the

Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

d.    Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**16.    Estimates.** To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates, allocations, and assumptions that affect the reported amounts of assets, liabilities, revenue, and expenses. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**17.    Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**18.    Setoffs.** The Debtors incur certain offsets and other similar rights from customers and vendors during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, credits, and other disputes or discrepancies between the Debtors and their customers and vendors. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules and Statements, offsets are not independently accounted for, and as such, may be excluded from the Debtors' Schedules and Statements.

**19.    Customer and Employee Addresses**. Pursuant to the *Interim Order (I) Authorizing the Debtors to Redact Certain Personal Identification Information of Debtors' Customers and Employees and (II) Granting Related Relief* [D.I. 81], customer and employee addresses have been removed from entries listed throughout the Schedules and Statements, where applicable.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedules Summary**. Except as otherwise noted, the asset information provided herein represents the Debtors' data regarding their assets as of October 31, 2020, and the liability information provided herein represents the Debtors' data regarding their liabilities as of the close of business on October 31, 2020.

**Schedule A/B.** All executory contracts and unexpired leases are included in Schedule G.

**Schedule A/B: Question 3**. The bank account balances listed are as of the Petition Date.

**Schedule A/B: Question 60.1**. The Debtors do not carry asset values on the Debtors' balance sheet related to the intangibles or intellectual property listed in Schedule A/B, Question 60. However, the Debtors have disclosed all related assets owned by each of the Debtors.

**Schedule A/B: Question 72**. Tax refunds for the consolidated tax group are listed on Schedule A/B Question 72 for Francesca's Holdings Corporation and are not listed in the Schedules for other members of the consolidated tax group. Estimated net operating losses for the Debtors' fiscal year 2020 are also listed on Schedule A/B Question 72 for Francesca's Holdings Corporation, however, any associated tax refund amount will be tax-effected.

**Schedule D**. The claims listed in Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed in Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, extent, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed in Schedule D of any Debtor. Although the Debtors have scheduled claims of various creditors as secured claims, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Further, the Debtors have included the results of UCC-1 searches performed prior to the Petition Date in Schedule D, however, the listing of such results shall not be deemed an admission as to the validity or existence of any such lien. The Debtors reserve all of their rights to dispute or challenge the secured nature of any claim or the characterization of the structure of any transaction or any document or instrument related to such claim. The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties that may hold security deposits have not been listed in Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported in Schedule D. Moreover, the Debtors have not included in Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The amounts outstanding under the Debtors' prepetition secured credit facilities reflect principal amounts as of the Petition Date and do not include accrued but unpaid interest, fees, expenses, charges, and other obligations that may be incurred in connection therewith. In certain instances, including with respect to the Debtors' prepetition secured credit facilities, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth in Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

**Schedule E/F**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed in the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same. Additionally,

certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed in Schedule F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed in Schedule F of any Debtor. In addition, certain claims listed in Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Pursuant to various "First Day" orders entered by the Bankruptcy Court D.I. 39, 82, 83, 85-87, and 89 (collectively, the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay certain prepetition claims including, without limitation, employee wages and benefit claims, claims for taxes and fees, critical vendor claims, and lienholder claims. Accordingly, to the extent that these liabilities have been satisfied, they are not listed in the Schedules. Furthermore, to the extent after the date the Schedules are filed the Debtors pay any of the claims listed in Schedule E/F pursuant to any of the First Day Orders, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action such as filing a claims objection, as is necessary and appropriate to avoid over payment or duplicate payments. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed in Schedule E/F. The Debtors have attempted to relate all liabilities to each Debtor. As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors.

The listing of any claim in Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the relevant Debtor that is the subject of the litigation is unclear or undetermined. However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor. The dollar amount of potential claims associated with any such pending litigation is listed as "unliquidated" and marked as contingent, unliquidated, and disputed. Some of the litigation claims listed in Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F does not include potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. The Debtors take no position in these Schedules and Statements with respect to such disputes, and the Debtors and all parties in interest reserve all rights with respect thereto.

Schedule F reflects unsecured claims that a Debtor may have against another Debtor on account of intercompany receivables and payables. To the extent a Debtor has a claim against another Debtor on account of the Debtors' prepetition secured facilities, these claims are not reflected on Schedule F. The listing by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such obligation. The Debtors take no position in these Schedules and Statements as to whether such obligations would be allowed as a claim, an interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such obligations.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, except as specifically stated herein, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases (collectively, the "**Agreements**") at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counterparty or the remaining term of the Agreement, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Certain of the Agreements listed in Schedule G may have been entered into by more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such Agreements may have been listed on a different Debtor's Schedule G.

Listing a contract, agreement, or lease on Schedule G does not constitute an admission that such contract, agreement, or lease is an executory contract or unexpired lease or that such contract, agreement, or lease was in effect on the Petition Date or is valid or enforceable. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any Agreements set forth in Schedule G and to amend or supplement Schedule G as necessary.

In the ordinary course of business, the Debtors enter into non-disclosure agreements with customers, suppliers, vendors, employees, potential business partners, and other parties in interest. The Debtors have not listed all these non-disclosure agreements in Schedule G due to the

significant number of such agreements. The non-disclosure agreements are consistent with the ordinary course of business in the Debtors' industry and are expansive, making it unduly burdensome and costly for the Debtors to list all such agreements. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, subordination agreements, non-disturbance agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G. Omission of a contract, agreement, or lease from Schedule G does not constitute an admission that such omitted contract, agreement, or lease is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted contracts, agreements, or leases.

Certain of the Agreements listed in Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed in Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts. Additionally, certain of the Agreements listed in Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights, which are not set forth separately in Schedule G.

The Agreements listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified in Schedule G, each Agreement listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such Agreement, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims, and causes of action with respect to the Agreements listed in Schedule G, including the right to (a) dispute the validity, status, or enforceability of any Agreements set forth in Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the Agreements listed in Schedule G; and (c) amend or supplement such Schedule as necessary.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the Debtors' prepetition debt are listed as co-Debtors on Schedule H. No claim set forth in the Schedules of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors.

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all of their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of business, the Debtors may be involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement Question 7, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement Question 3**. Statement Question 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders and bankruptcy professionals. The amounts listed in Statement Question 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed in Statement Question 3. All disbursements listed in Statement Question 3 are made through the Debtors' cash management system, which is described in further detail in *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing Continued Use of The Debtors' Existing Cash Management System, Corporate Credit Card Program and Bank Accounts; (II) Waiving Certain United States Trustee Requirements; (III) Extending Time to Comply with Section 345(B) of the Bankruptcy Code; (IV) Authorizing Continued Performance of Intercompany Transactions; and (V) Granting Related Relief* [D.I. 29] (the "**Cash Management Motion**").

All disbursement information reported in Statement Question 3 for a specific Debtor pertains to the bank accounts maintained by that respective Debtor. As discussed in the Cash Management Motion, only certain of the Debtors maintain bank accounts and thus, such Debtors make disbursements on behalf of those Debtors that do not maintain bank accounts. The reader should review Statement Question 3 for all Debtors in these cases for a complete understanding of disbursements made by the Debtors.

The information provided in Statement Question 3 shall not constitute a waiver of any of the Debtors' rights or an admission that the recipients of such payments or other transfers were "creditors" or that amounts paid or otherwise transferred were due and owing. Amounts still owed to creditors will appear on the Schedules for the respective Debtor.

**Statement Question 4**. Statement Question 4 accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the Cash Management Motion, in the ordinary course of business certain of the Debtor entities maintain business relationships with each other, resulting in intercompany receivables and payables. The response to Statement Question 4 reflects cash transfers between affiliate entities and does not include non-cash book entries.

All disbursement information reported in Statement Question 4 for a specific Debtor pertains to the bank accounts maintained by that respective Debtor. As discussed in the Cash Management Motion, only certain of the Debtors maintain bank accounts and thus, such Debtors make disbursements on behalf of those Debtors that do not maintain bank accounts. The reader should review Statement Question 4 for all Debtors in these cases for a complete understanding of disbursements made by the Debtors.

The information provided in Statement Question 4 shall not constitute a waiver of any of the Debtors' rights or an admission that the recipients of such payments or other transfers were "creditors" or that amounts paid or otherwise transferred were due and owing. Amounts still owed to creditors will appear on the Schedules for the respective Debtor.

**Statement Question 7**. Information provided in Statement Question 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor. While the Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently left off of the Debtors' response to Statement Question 7. Accordingly, the Debtors reserve all of their rights to amend or supplement their response to Statement Question 7.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that the Debtors are an appropriate party to such actions or proceedings.

**Statement Question 9**. Certain *de minimis* gifts that are not reported or tracked centrally have been excluded.

**Statement Question 10**. The Debtors occasionally incur losses for a variety of reasons, including natural disasters, fire, and theft. The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes.

**Statement Question 11**. The amounts listed in response to Statement Question 11 refer to payments made to representatives of the Debtors in connection with certain prepetition restructuring initiatives and the preparation of these chapter 11 cases. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications filed with the Bankruptcy Court.

As discussed in further detail in the Cash Management Motion, only certain of the Debtors maintain bank accounts and therefore, all disbursements listed in Statement Question 11 were initiated and disbursed by Francesca's Services Corporation but were for the benefit of other Debtors.

**Statement Question 17**. Additional information regarding the Debtors' 401(k) plan is available in the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing the Debtors to (A) Pay Certain Employee Compensation and Benefits (B) Maintain and Continue Such Benefits and Other Employee-Related Programs, and (C) Pay Prepetition Claims Of Independent Contractors and (II) Granting Related Relief* [D.I. 12].

**<u>Statement Question 26d</u>**. Certain of the Debtors are registrants with the Securities and Exchange Commission and file with such agency periodic financial reports on a consolidated basis. These reports also contain information about those Debtors' finances and are available publically through the Francesca's website at https://investors.francescas.com/.

The Debtors have supplied financial statements and reports in the ordinary course of business to certain third parties under confidentiality agreements. Such third parties include restructuring professionals, administrative agents under the Debtors' debt facilities, and certain other creditors and their advisors.

**<u>Statement Question 29</u>**. The Debtors' response to Statement Question 29 includes only those individuals who have terminated their relationship with the listed Debtor as either a director or officer, and do not include individuals who have simply changed their title but who have otherwise maintained their relationship as a director or officer.

**<u>Statement Question 30</u>**. Unless otherwise indicated in a Debtor's specific response to Statement Question 30, the Debtors have included a comprehensive response to Statement Question 30 in Statement Question 4.

*Remainder of Page Intentionally Left Blank*

**Fill in this information to identify the case:**

Debtor name: Francesca's Holdings Corporation

United States Bankruptcy Court for the: District of Delaware

Case number: 20-13076

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** | $0.00 |
| Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | $32,903,919.07 |
| Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | $32,903,919.07 |
| Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)  $13,481,640.34

Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---|
| 3a. **Total claim amounts of priority unsecured claims:** | $0.00 |
| Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | Unliquidated |
| Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities**  $13,481,640.34

Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: Francesca's Holdings Corporation

United States Bankruptcy Court for the: District of Delaware

Case number: 20-13076

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 | | | $0.00 |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1    JP Morgan Chase, N.A. | Checking | 9350 | $19,798.07 |
| **4. Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | $19,798.07 |
|---|---|

### Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1 | | $0.00 |
|---|---|---|

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

8.1 _____    $0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.    $0.00

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|

**11. Accounts receivable**

11a.  90 days old or less:  _____ – _____ = ........ → $0.00

face amount    doubtful or uncollectible accounts

11b.  Over 90 days old:  _____ – _____ = ........ → $0.00

face amount    doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $0.00

## Part 4:  Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | | $0.00 |
|---|---|---|

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| 15.1  Francescas.com | 100% | | Undetermined |
| 15.2  Francesca's LLC | 100% | | Undetermined |
| 15.3  Francesca's Collections, Inc. | 100% | Indirect | Undetermined |
| 15.4  Francesca's Services Corporation | 100% | | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| 16.1 | | $0.00 |
|---|---|---|

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| Undetermined |
|---|

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $0.00 |
|---|

**24. Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |

**29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish

29.1 _____  _____  _____  _____ $0.00

**30. Farm machinery and equipment** (Other than titled motor vehicles)

30.1 _____  _____  _____  _____ $0.00

**31. Farm and fishing supplies, chemicals, and feed**

31.1 _____  _____  _____  _____ $0.00

**32. Other farming and fishing-related property not already listed in Part 6**

32.1 _____  _____  _____  _____ $0.00

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

| $0.00 |

**34. Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☑ No

   ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |

Debtor __Francesca's Holdings Corporation_____    Case number *(if known)* 20-13076_____
      Name

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

42.1 _____    _____    _____    $0.00

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.    | $0.00 |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

| **Part 8:** | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | _____ | _____ | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | _____ | _____ | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | _____ | _____ | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | _____ | _____ | $0.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.    | $0.00 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 9:    Real Property

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |
|---|

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 10:    Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| | |
|---|---|
| | $0.00 |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

| 71.1 | | | = → | | $0.00 |
|---|---|---|---|---|---|
| | total face amount | doubtful or uncollectible amount | | | |

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

| 72.1 | FY 2020 Net Operating Loss | Tax year | 2020 | $32,884,121.00 |
|---|---|---|---|---|

**73. Interests in insurance policies or annuities**

| 73.1 | See attached Schedule AB 73 Exhibit | Undetermined |
|---|---|---|

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

| 74.1 | | $0.00 |
|---|---|---|

Nature of Claim

Amount requested

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| 75.1 | Pacific Trial Attorneys vs. Francesca's Holdings Corporation | Unknown |
|---|---|---|

Nature of Claim    Web ADA claim

Amount requested    Unknown

| 75.2 | Mayer, Jennie vs. Francesca's Holdings Corporation | Unknown |
|---|---|---|

Nature of Claim    Alleged failure to provide customer with cash balance of gift card

Amount requested    Unknown

**75.3**  Wolf, Janet vs. Francesca's Holdings Corporation                                      Unknown

Nature of Claim            Personal injury

Amount requested           Unknown

**75.4**  Aegean Apparel vs. Francesca's Holdings Corporation                                 Unknown

Nature of Claim            Collections/ Demand for Payment

Amount requested           Unknown

**75.5**  White, Ashley vs. Francesca's Holdings Corporation                                   Unknown

Nature of Claim            Unsubscribing from emails

Amount requested           Unknown

**75.6**  Equal Access Action Network vs. Francesca's Holdings Corporation                     Unknown

Nature of Claim            Web ADA

Amount requested           Unknown

**75.7**  ADA Group-Tammy White vs. Francesca's Holdings Corporation                           Unknown

Nature of Claim            Alleging dressing room dimension and fixtures not appropriate

Amount requested           Unknown

**75.8**  ADA – Braille Gift Cards vs. Francesca's Holdings Corporation                         Unknown

Nature of Claim            Alleging failure to sell gift cards that contain Braille

Amount requested           Unknown

**75.9**  Amber Bush – On Call Staffing vs. Francesca's Holdings Corporation                    Unknown

Nature of Claim            Personal Injury

Amount requested           Unknown

**76. Trusts, equitable or future interests in property**

76.1                                                                                              $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1                                                                                              $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                               $32,884,121.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:** **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $19,798.07 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | Undetermined | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property.** Copy line 56, Part 9. | ➔ | $0.00 |
| **89. Intangibles and intellectual property.** Copy line 66, Part 10. | $0.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $32,884,121.00 | |
| **91. Total.** Add lines 80 through 90 for each column   91a. | $32,903,919.07 | 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.   $32,903,919.07

Schedule AB73 Exhibit

Interests in Insurance Policies or annuities

| Line | Carrier | Policy |
|---|---|---|
| **Property** | | |
| Property - AOS | QBE | CFE1370084 |
| Property - NY Only | QBE | CFE1379266 |
| **Casualty** | | |
| General Liability *Includes EBL* | Hartford Underwriters Insurance Company | 61 UEN HZ6462 |
| Auto | Trumbull Insurance Company | 61 UEN HZ6462 |
| Umbrella | Hartford Casualty Insurance Company | 61 XHU HZ6561 |
| Workers Comp / Employers Liability | Various Hartford Companies | 61 WB AT0947 |
| **FINPRO** | | |
| Cyber | Beazley Insurance Company, Inc. | W12E45190801 |
| Employment Practices Liability | Beazley Insurance Company, Inc. | V16C0B190601 |
| Fiduciary Liability | CNA | 596353577 |
| D&O - Primary Layer | XL Specialty Insurance Co | ELU16915020 |
| D&O - 1st Excess | Allied World National Assurance Company | 0306-8454 |
| D&O - 1st Excess | Starstone Specialty Insurance Company | X75006200ASP |
| D&O - 2nd Excess Side A DIC | ACE American Insurance Company | DOXG25592815008 |
| D&O - 3rd Excess Side A DIC | National Union Fire Insurance Company of Pittsburgh, PA. | 15904499 |
| D&O - 4th Excess Side A DIC | Hudson insurance Company | HN03036631 |
| D&O - 5th Excess Side A DIC | Berkley Insurance Company | BPRO8052734 |

**Fill in this information to identify the case:**

Debtor name: Francesca's Holdings Corporation

United States Bankruptcy Court for the: District of Delaware

Case number: 20-13076

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

2.1

Tiger Finance, LLC
340 N. Westlake Blvd., Ste 260
Westlake, CA 91362

**Date debt was incurred?**
8/13/2019

**Last 4 digits of account number**
5731

**Do multiple creditors have an interest in the same property?**
☑ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
All assets, wherever located, whether now or owned and existing or hereafter acquired, together with all products and proceeds thereof.

**Describe the lien**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

*Column A* Amount of Claim: $10,000,000.00

| 2.2 | | |
|---|---|---|

Tiger Finance, LLC
340 N. Westlake Blvd., Ste 260
Westlake, CA 91362

**Date debt was incurred?**
5/25/2018

**Last 4 digits of account number**
5731

**Do multiple creditors have an interest in the same property?**
☑ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
All assets, wherever located, whether now or owned and existing or hereafter acquired, together with all products and proceeds thereof.

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☑ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$3,481,640.34

| 2.3 | | |
|---|---|---|

JPMorgan Chase Bank, N.A.
10 S. Dearborn, Floor L2, 1L1-1145
Chicago, IL 60603

**Date debt was incurred?**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
All assets, wherever located, whether now or owned and existing or hereafter acquired, together with all products and proceeds thereof.

**Describe the lien**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

$0.00

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$13,481,640.34

**Fill in this information to identify the case:**

Debtor name: Francesca's Holdings Corporation

United States Bankruptcy Court for the: District of Delaware

Case number: 20-13076

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | **As of the petition filing date, the claim is:** *Check all that apply.* | | $0.00 |
|  | ☐ Contingent | | |
| **Date or dates debt was incurred** | ☐ Unliquidated | | |
| **Last 4 digits of account number** | ☐ Disputed | | |
|  | **Basis for the claim:** | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (__) | **Is the claim subject to offset?** ☑ No ☐ Yes | | |

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | **Amount of claim** |
|---|---|---|

3.1

Cox Leah and Perry D'Shaunta; Case No 19-2167

**Date or dates debt was incurred**
Various

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Contingent Litigation Liability

**Is the claim subject to offset?**
☑ No
☐ Yes

Unliquidated

3.2

Goff Cheryl; Case No: 2019CV0234

**Date or dates debt was incurred**
Various

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Contingent Litigation Liability

**Is the claim subject to offset?**
☑ No
☐ Yes

Unliquidated

3.3

Ouellette Taylor; EEOC Charge No: 16B-2019-00844; FEPA Charge No: E19-0230

**Date or dates debt was incurred**
Various

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Contingent Litigation Liability

**Is the claim subject to offset?**
☑ No
☐ Yes

Unliquidated

3.4

Prulello Danielle; Case No 1:17-cv-00565

**Date or dates debt was incurred**
Various

**As of the petition filing date, the claim is:**                    Unliquidated
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Contingent Litigation Liability

**Is the claim subject to offset?**
☑ No
☐ Yes

3.5

Whitlock Mary Patricia; Case No 37-2019-00016760-CU-PONC

**Date or dates debt was incurred**
Various

**As of the petition filing date, the claim is:**                    Unliquidated
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Contingent Litigation Liability

**Is the claim subject to offset?**
☑ No
☐ Yes

3.6

Wynne Kelly; Civil Action No 1:19-cv-1114 LY

**Date or dates debt was incurred**
Various

**As of the petition filing date, the claim is:**                    Unliquidated
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Contingent Litigation Liability

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line | |
| | ☐ Not listed. Explain | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | Unliquidated |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name: Francesca's Holdings Corporation

United States Bankruptcy Court for the: District of Delaware

Case number: 20-13076

☐ **Check if this is an amended filing**

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:**  **Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|

| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | Non-Residential Real Property Lease - Pacific Place - Seattle, WA | MPH Pacific Place LLC<br>2001 Pennsylvania Avenue NW<br>10th Floor<br>c/o Madison Marqutte<br>Washington, DC 20006 |
|---|---|---|---|
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | Statement of Work for Advisory Services | Grant Thornton LLP<br>Attn: Keith Klemowits<br>1901 S. Meyers Rd.<br>Suite 455<br>Villa Park, IL 60181 |
|---|---|---|---|
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | Wareshouse & Storage Agreement For Customer Owned Product | Grand and Benedicts, Inc. |
|---|---|---|---|
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| | | | |
|---|---|---|---|
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | Signature Authority Agreement | National Project Management, Inc. Attn: Kal Malik |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | Consulting Agreement | ICR, LLC Attn: John Sorensen, COO 761 Main Avenue Norwalk, CT 6851 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | Mutual Non-Disclosure and Confidentiality Agreement | A*G Real Estate Partners Attn: Emilio Amendola, Co-President 445 Broad Hollow Rd. Melville, NY 11747 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | General Indemnity Agreement | One Beacon Surety Group |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | Engagement of Richards, Layton & Finger, PA | Richards, Layton & Finger, PA Attn: Jason M. Madron, Counsel |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | Order for XBRL Services | Vintage Filings, A Division of PR Newswire |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

2.10 **State what the contract or lease is for and the nature of the debtor's interest**

Order for XBRL Services

The Vintage Group, A Division of PR Newswire
350 Hudson Street
Suite 300
New York, NY 10014

**State the term remaining**  Active

**List the contract number of any government contract**

---

2.11 **State what the contract or lease is for and the nature of the debtor's interest**

Service Terms and Conditions

Narvar, Inc.
Attn: Lon Tenan
999 Bayhill Dr
San Bruno, CA 94066

**State the term remaining**  Active

**List the contract number of any government contract**

---

2.12 **State what the contract or lease is for and the nature of the debtor's interest**

Technology Framework Agreement

Manhattan Associates, Inc.
Attn: Bryan K. Schmitt; Bruce S. Richards
2300 Windy Ridge Parkway
Tenth Floor
Atlanta, GA 30339

**State the term remaining**  Active

**List the contract number of any government contract**

---

2.13 **State what the contract or lease is for and the nature of the debtor's interest**

Order Form 375973

Navex Global, Inc.
Attn: Shon C Ramey
5500 Meadows Road
Suite 500
Lake Oswego, OR 97035

**State the term remaining**  Active

**List the contract number of any government contract**

---

2.14 **State what the contract or lease is for and the nature of the debtor's interest**

Service Agreement

LicenseLogix
140 Grand St
Suite 300
White Plains, NY 10601

**State the term remaining**  Active

**List the contract number of any government contract**

---

2.15 **State what the contract or lease is for and the nature of the debtor's interest**

Application and Service Agreement

LexisNexis Risk Solutions FL Inc.
1000 Alderman Drive
Alpharetta , GA 30005

**State the term remaining**  Active

**List the contract number of any government contract**

| 2.16 | State what the contract or lease is for and the nature of the debtor's interest | Customer Confirmation | Mimecast North America, Inc.<br>191 Spring Street<br>Lexington, MA 2421 |
| | State the term remaining | Active | |
| | List the contract number of any government contract | | |

| 2.17 | State what the contract or lease is for and the nature of the debtor's interest | Customer Agreement | Lucernex<br>Attn: Accounting<br>6509 Windcrest<br>Suite 100-200<br>Plano, TX 75024 |
| | State the term remaining | Active | |
| | List the contract number of any government contract | | |

| 2.18 | State what the contract or lease is for and the nature of the debtor's interest | Staffing Services and Contract to Hire Agreement | LK Jordan Houston LLC<br>Attn: Linda K Jordan<br>11451 Katy Freeway<br>Suite 508<br>Houston, TX 77079 |
| | State the term remaining | Active | |
| | List the contract number of any government contract | | |

| 2.19 | State what the contract or lease is for and the nature of the debtor's interest | Letter and Engagement Letter Agreement | Littler Mendelson, P.C.<br>Attn: Susan A. P. Woodhouse<br>650 California Street<br>20th Floor<br>San Francisco, CA 94108-2693 |
| | State the term remaining | Active | |
| | List the contract number of any government contract | | |

| 2.20 | State what the contract or lease is for and the nature of the debtor's interest | End User Agreement | MicroStrategy<br>Attn: Pedro Chaves<br>1850 Towers Crescent Plaza<br>Tyson Corner, VA 22182 |
| | State the term remaining | Active | |
| | List the contract number of any government contract | | |

| 2.21 | State what the contract or lease is for and the nature of the debtor's interest | Solution Order Form/Master Service Agreement | Motus, LLC<br>Attn: Tim Brown<br>Two Financial Center<br>60 South Street<br>Boston, MA 2111 |
| | State the term remaining | Active | |
| | List the contract number of any government contract | | |

**2.22**  **State what the contract or lease is for and the nature of the debtor's interest**

Letter Agreement

Littler Mendelson, P.C.
Attn: Susan A. P. Woodhouse
650 California Street
20th Floor
San Francisco, CA 94108-2693

**State the term remaining**

Active

**List the contract number of any government contract**

**2.23**  **State what the contract or lease is for and the nature of the debtor's interest**

Service Agreement

National Project Management, Inc.
Attn: Wiliam Ericson
204 Fabricator Drive
Fenton, MO 63026

**State the term remaining**

Active

**List the contract number of any government contract**

**2.24**  **State what the contract or lease is for and the nature of the debtor's interest**

Client Services Agreement Second Amendment

Marsh USA Inc.
Attn: Keith Wright
PO Box 846015
Dallas, TX 75284-6015

**State the term remaining**

Active

**List the contract number of any government contract**

**2.25**  **State what the contract or lease is for and the nature of the debtor's interest**

Master Service Agreement

Konica Minolta Premier Finance

**State the term remaining**

Active

**List the contract number of any government contract**

**2.26**  **State what the contract or lease is for and the nature of the debtor's interest**

Non-Disclosure and Confidentiality Agreement

Logic Information Systems, Inc.
Attn: Rachel Soffer
3800 American Blvd. W
Suite 1200
Bloomington, MN 55431

**State the term remaining**

Active

**List the contract number of any government contract**

**2.27**  **State what the contract or lease is for and the nature of the debtor's interest**

BoldChat Contract Agreement

LogMeIn, Inc.
320 Summer Street
Boston, MA 02210-1701

**State the term remaining**

Active

**List the contract number of any government contract**

| 2.28 | **State what the contract or lease is for and the nature of the debtor's interest** | Customer Agreement | Lucernex<br>Attn: Accounting<br>6509 Windcrest<br>Suite 100-200<br>Plano, TX 75024 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.29 | **State what the contract or lease is for and the nature of the debtor's interest** | Renewal Agreement | LogMeIn, Inc.<br>Attn: Emily Colona<br>320 Summer St<br>Boston, MA 2210 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.30 | **State what the contract or lease is for and the nature of the debtor's interest** | Third Amendment to Service Agreement | Muzak, LLC d/b/a Mood Media<br>Attn: Jennifer Richardson |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.31 | **State what the contract or lease is for and the nature of the debtor's interest** | Digital Master Service Agreement | Mapp Digital US, LLC<br>Attn: Steven Warren<br>3655 Nobel Drive<br>Suite 500<br>San Diego, CA 92122 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.32 | **State what the contract or lease is for and the nature of the debtor's interest** | Digital Statement of Work | Mapp Digital US, LLC<br>3655 Nobel Drive<br>Suite 500<br>San Diego, CA 92122 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.33 | **State what the contract or lease is for and the nature of the debtor's interest** | Implementation Services Statement of Work | Manhattan Associates, Inc.<br>Attn: Jon Liberman<br>2300 Windy Ridge Pkwy<br>Suite 700<br>Atlanta, GA 30339 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

**2.34** **State what the contract or lease is for and the nature of the debtor's interest**
Master Service Agreement

**State the term remaining**
Active

**List the contract number of any government contract**

Navex Global, Inc.
Attn: Shon C Ramey
5500 Meadows Road
Suite 500
Lake Oswego, OR 97035

**2.35** **State what the contract or lease is for and the nature of the debtor's interest**
Third-Party Purchase Addendum/Product Terms and Conditions

**State the term remaining**
Active

**List the contract number of any government contract**

Manhattan Associates, Inc.
2300 Windy Ridge Pkwy
Tenth Floor
Atlanta, GA 30339

**2.36** **State what the contract or lease is for and the nature of the debtor's interest**
End User Agreement

**State the term remaining**
Active

**List the contract number of any government contract**

MicroStrategy
Attn: Pedro Chaves
1850 Towers Crescent Plaza
Tysons Corner, VA 22182

**2.37** **State what the contract or lease is for and the nature of the debtor's interest**
Staffing Services and Contract to Hire Agreement

**State the term remaining**
Active

**List the contract number of any government contract**

LK Jordan & Associates
Attn: Leslie Jordan
11451 Katy Freeway
Suite 508
Houston, TX 77079

**2.38** **State what the contract or lease is for and the nature of the debtor's interest**
Addendum and Amendment to the Money Network Services Agreement

**State the term remaining**
Active

**List the contract number of any government contract**

Money Network Financial, LLC
Attn: Tal Clark

**2.39** **State what the contract or lease is for and the nature of the debtor's interest**
Contract Order Information

**State the term remaining**
Active

**List the contract number of any government contract**

Linkedin
Attn: Marshia Escobar; Eric Jenkins
1000 W Maude Ave
Sunnyvale, CA 94085

| 2.40 | State what the contract or lease is for and the nature of the debtor's interest | Service Package Order | Kibo Software, Inc.<br>Attn: Ryan Harris, General Counsel |
|---|---|---|---|
|  | State the term remaining | Active |  |
|  | List the contract number of any government contract |  |  |

| 2.41 | State what the contract or lease is for and the nature of the debtor's interest | Amendment to Pricing Sheet | Narvar, Inc.<br>Attn: Chait Gudiseva<br>999 Bayhill Dr<br>Suite 135<br>San Bruno, CA 94066 |
|---|---|---|---|
|  | State the term remaining | Active |  |
|  | List the contract number of any government contract |  |  |

| 2.42 | State what the contract or lease is for and the nature of the debtor's interest | Money Network Services Agreement | Money Network Financial, LLC<br>Attn: Tal Clark |
|---|---|---|---|
|  | State the term remaining | Active |  |
|  | List the contract number of any government contract |  |  |

| 2.43 | State what the contract or lease is for and the nature of the debtor's interest | Engagement and related services terms | KPMG LLP<br>Attn: Greg McCord<br>811 Main Street<br>Houston, TX 77002 |
|---|---|---|---|
|  | State the term remaining | Active |  |
|  | List the contract number of any government contract |  |  |

| 2.44 | State what the contract or lease is for and the nature of the debtor's interest | Subscritption Renewal | Multimedia Plus, Inc.<br>Attn: David Harouche; Lauren Taubes<br>853 Broadway<br>Suite 1605<br>New York, NY 10003 |
|---|---|---|---|
|  | State the term remaining | Active |  |
|  | List the contract number of any government contract |  |  |

| 2.45 | State what the contract or lease is for and the nature of the debtor's interest | Acceptance of Proposal Pricing Terms and Conditions | Multimedia Plus, Inc.<br>Attn: David Harouche; Lauren Taubes<br>853 Broadway<br>Suite 1605<br>New York, NY 10003 |
|---|---|---|---|
|  | State the term remaining | Active |  |
|  | List the contract number of any government contract |  |  |

| 2.46 | **State what the contract or lease is for and the nature of the debtor's interest** | Order Under Subscription And Services Agreement | Certent, Inc.<br>1548 Eureka rd<br>Roseville, CA 95661 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.47 | **State what the contract or lease is for and the nature of the debtor's interest** | Prepetition Revolving Credit Agreement, dated as of May 25, 2018 (as amended by that certain First Amendment to Credit Agreement dated as of August 13, 2019 | Tiger Finance, LLC<br>340 N. Westlake Blvd., Ste 260<br>Westlake, CA 91362 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.48 | **State what the contract or lease is for and the nature of the debtor's interest** | Prepetition Term Loan Credit Agreement, dated August 13, 2019 | Tiger Finance, LLC<br>340 N. Westlake Blvd., Ste 260<br>Westlake, CA 91362 |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.49 | **State what the contract or lease is for and the nature of the debtor's interest** | Employment Letter Agreement | Cindy Thomassee |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.50 | **State what the contract or lease is for and the nature of the debtor's interest** | Employment Letter Agreement | Cindy Thomassee |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

| 2.51 | **State what the contract or lease is for and the nature of the debtor's interest** | Employment Letter Agreement | Andrew Clarke |
| | **State the term remaining** | Active | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name: Francesca's Holdings Corporation

United States Bankruptcy Court for the: District of Delaware

Case number: 20-13076

☐ **Check if this is an amended filing**

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 Francesca's Services Corporation | 340 N. Westlake Blvd, Ste 260 Westlake, CA 91362 | Tiger Finance, LLC | ☑ D ☐ E/F ☐ G |
| 2.2 Francesca's LLC | 340 N. Westlake Blvd, Ste 260 Westlake, CA 91362 | Tiger Finance, LLC | ☑ D ☐ E/F ☐ G |
| 2.3 Francesca's Collections, Inc. | 340 N. Westlake Blvd, Ste 260 Westlake, CA 91362 | Tiger Finance, LLC | ☑ D ☐ E/F ☐ G |

**Fill in this information to identify the case:**

Debtor name: Francesca's Holdings Corporation

United States Bankruptcy Court for the: District of Delaware

Case number: 20-13076

☐ **Check if this is an amended filing**

**Official Form 202**

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____

declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 12/31/2020 | /s/ Cindy Thomassee |
| Executed on | Signature of individual signing on behalf of debtor |
| | Cindy Thomassee |
| | Printed name |
| | Chief Financial Officer |
| | Position or relationship to debtor |