**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FHC HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-13076 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: February 18, 2026 at 9:30 a.m. (ET)**<br>**Obj. Deadline: January 22, 2026 at 4:00 p.m. (ET)** |

## PLAN ADMINISTRATOR'S NINTH MOTION
## TO EXTEND THE CLAIMS OBJECTION DEADLINE

Anthony M. Saccullo, solely in his capacity as the Plan Administrator of FHC Holdings Corporation (f/k/a Francesca's Holdings Corporation), *et al.* (the "Plan Administrator"), appointed pursuant to the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* filed on May 25, 2021 [Docket No. 737] (the "Plan"), which was confirmed by the Order of this Court on July 20, 2021 [Docket No. 988], hereby moves (the "Motion") pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadline to file objections to the allowance of any claim filed against the estates of the above-captioned debtors (the "Debtors") by 180 days through and including July 8, 2026. In support of the Motion, the Plan Administrator respectfully represents as follows:

---

[1] The legacy Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are FHC Holdings Corporation (f/k/a Francesca's Holdings Corporation) (4704), FHC LLC (f/k/a Francesca's LLC) (2500), FHC Collections, Inc. (Francesca's Collections, Inc.) (4665), and FHC Services Corporation (f/k/a Francesca's Services Corporation) (5988). The address for correspondence related to the Debtors is c/o Saccullo Business Consulting, LLC, 27 Crimson King Drive, Bear, DE 19701.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), the Plan Administrator consents to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein are sections 105 and 502 of the Bankruptcy Code.  Such relief also is warranted under Bankruptcy Rules 3007 and 9006, Local Rule 3007-1, and Article XII.C of the Plan.

## BACKGROUND

### A. General Case Background

4.      On December 3, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the Petition Date, the Debtors have remained in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

5.      On July 20, 2021, this Court entered an order confirming the Plan (the "Confirmation Order") [Docket No. 988].[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order or Plan, as applicable.

6.      On July 30, 2021 (the "Effective Date"), the Plan became effective in accordance with its terms [Docket No. 1017].

7.      On the Effective Date, Anthony M. Saccullo, in his capacity as Plan Administrator, became the sole representative of the Debtors' estates for the purpose of, inter alia, making or facilitating distributions contemplated under the Plan.  See Plan, Art. XI.E.

8.      The Plan established January 26, 2022 as the initial deadline to file objections to the allowance of any claim filed against the Debtors' estates (the "Claims Objection Deadline"). Pursuant to Article XII.C of the Plan, "the Claims Objections Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Plan Administrator."  See Plan, Art. XII.C.  Since the Effective Date, the Claims Objection Deadline has been extended eight times by order of this Court.  See Docket Nos. 1113, 1164, 1204, 1235, 1265, 1365, 1391, 1456.  The current Claims Objection Deadline is January 9, 2026.

9.      On February 2, 2024, the Plan Administrator filed the *Notice of Receipt of Pre-Closing Tax Refunds* [Docket No. 1266] (the "Tax Return Notice").  As part of the Tax Return Notice, the Plan Administrator disclosed his receipt of approximately $43.6 million on account of the First Tax Refund and Second Tax Refund (each as defined in the Plan), which form the primary source of distributions to creditors in these cases.

**B. The Claims Reconciliation Process**

10.     Shortly after the Effective Date, the Plan Administrator commenced his review and reconciliation of the more than 4,500 claims asserting over $1.39 billion in aggregate liabilities against the estates.

11.     Since the Effective Date, the Plan Administrator has resolved, satisfied, or objected, as applicable, to several categories of claims, including, but not limited to, improperly asserted

administrative expense claims, secured claims, priority unsecured claims, and certain general unsecured claims asserted against the Debtors' estates. To date, the Plan Administrator has filed, and the Court has approved, seven (7) omnibus claims objections, four (4) non-substantive and three (3) substantive, to approximately 285 proofs of claim. See Docket Nos. 1161, 1316, 1317, 1396, 1397, 1460, 1461. The Plan Administrator has also filed four notices of satisfaction to approximately 555 proofs of claim. See Docket Nos. 1195, 1261, 1381, 1445.

12.     On March 1, 2024, the Plan Administrator filed the *Notice of Circulation of Tax Form Request Letter* [Docket No. 1276], which noted that the Plan Administrator requested that Stretto distribute a letter to all Holders of Claims requesting that they complete and return a Form W-8, Form W-9, or similar tax form, as applicable (collectively, "Tax Forms"), for purposes of future Distributions to Holders of Allowed Claims. As of December 12, 2025, the Plan Administrator had received Tax Forms from approximately sixty-two percent (62%) of creditors entitled to a distribution.

13.     On November 21, 2025, the Plan Administrator filed the *Notice of Certain Corrections to Claims Register and Second Notice of Circulation of Tax Form Request Letter to Affected Claimants* [Docket No. 1493] (the "Notice"). The Notice disclosed (i) the Plan Administrator's request that Stretto distribute a second letter to Holders of Claims who had yet to respond to previous requests asking that they complete and return the necessary Tax Forms so that the Plan Administrator may make Distributions to Holders of Allowed Claims in accordance with the Plan and (ii) the Plan Administrator's intent to make an interim Distribution to Holders of Allowed General Unsecured Claims who previously had provided Tax Forms totaling approximately $30 million. On December 23, 2025, the Plan Administrator made such interim distribution, which after accounting for appropriate and necessary reserves provided a distribution

equal to approximately 53.3% of each Allowed General Unsecured Claim. The Plan Administrator expects to be in a position to make a final distribution on account of all Allowed General Unsecured Claims no later than the third quarter of 2026.

14. Although the Plan Administrator has made substantial progress with respect to the reconciliation of filed proofs of claim, a further extension of the Claims Objection Deadline is necessary to allow the Plan Administrator to review the remaining unreconciled and disputed proofs of claim and preserve the Plan Administrator's rights to object to these proofs of claim.

### RELIEF REQUESTED

15. By the Motion, the Plan Administrator respectfully requests that the Court enter the Proposed Order, pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rule 9006, and Article XII.C of the Plan, extending the Claims Objection Deadline by 180 days through and including July 8, 2026.

### BASIS FOR RELIEF

16. The Plan authorizes the Plan Administrator, in his discretion, to move to extend the Claims Objection Deadline for cause. See Plan, Art. XII.C. In addition, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, as follows:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order
> . . . .

FED. R. BANKR. P. 9006(b)(1)[3]. Good and sufficient cause exists to extend the Claims Objection

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Claims Objection Deadline serves to extend automatically the Claims Objection Deadline until such time as the Court rules on this Motion. See Del. Bankr. LR 9006-2.

Deadline.

17.     As of the date hereof, the Plan Administrator has reconciled the substantial majority of secured, administrative, priority unsecured claims, and general unsecured claims filed against the Debtors' estates.  The Plan Administrator believes that the requested extension of the Claims Objection Deadline is in the best interests of the estates and is appropriate under the circumstances, as it will provide the Plan Administrator the necessary time to review and reconcile the remaining proofs of claim asserted against the Debtors' estates for the benefit of their creditors and stakeholders.  The requested extension will not prejudice any creditor or other party in interest. Without a further extension, the Plan Administrator may forfeit valuable potential objections to proofs of claim that could be brought for the benefit of the Debtors' creditors.  As such, a further extension will preserve assets of the estates by ensuring that all proper claims objections are asserted.

18.     The Plan Administrator therefore requests an extension of the Claims Objection Deadline to July 8, 2026, without prejudice to any request for a further extension.

19.     For the above reasons, the Plan Administrator believes that an 180-day extension of the Claims Objection Deadline, through and including July 8, 2026, is necessary and appropriate.  Similar relief to that requested herein has been routinely granted in this District.  See, e.g., In re QCE Finance, LLC, Case No. 14-10543 (LSS) (Bankr. D. Del. Mar. 13, 2015) [Docket No. 645] (extending claim objection deadline by 120 days); In re Savient Pharmaceuticals, Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Mar. 9, 2015) [Docket No. 852] (extending claim objection deadline by 122 days); In re EGHI Holdings, Inc., Case No. 09-12099 (MFW) (Bankr. D. Del. Mar. 3, 2015) [Docket No. 2398] (extending claim objection deadline by 122 days); In re

Laboratory Partners, Inc., Case No. 13-12769 (LSS) (Bankr. D. Del. Jan. 28, 2015) [Docket No. 777] (extending claim objection deadline by 180 days).

## NOTICE

20.    Notice of the Motion will be provided to: (i) the U.S. Trustee; and (ii) all parties entitled to notice under Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Plan Administrator submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, extending the Claims Objection Deadline to July 8, 2026, and granting such other and further relief as may be just and proper.

Dated: January 8, 2026            **COLE SCHOTZ P.C.**
      Wilmington, Delaware

                                       */s/ Stacy L. Newman*
                                       Justin R. Alberto, Esq. (No. 5126)
                                       Stacy L. Newman, Esq. (No. 5044)
                                       500 Delaware Avenue, Suite 1410
                                       Wilmington, DE 19801
                                       Telephone: (302) 652-3131
                                       Facsimile: (302) 652-3117
                                       jalberto@coleschotz.com
                                       snewman@coleschotz.com

                                       - and -

Seth Van Aalten, Esq. (Admitted *Pro Hac Vice*)
Sarah A. Carnes, Esq. (Admitted *Pro Hac Vice*)
Bryant P. Churbuck, Esq.
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone: 212-752-8000
Facsimile: 212-752-8393
svanaalten@coleschotz.com
scarnes@coleschotz.com
bchurbuck@coleschotz.com

*Counsel to Anthony M. Saccullo, solely in his capacity as the Plan Administrator of FHC Holdings Corporation (f/k/a Francesca's Holdings Corporation), et al.*